IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

HAKIM NASEER,

                                                                           ORDER

                Plaintiff,

                                                                           10-cv-399-bbc

     v.

OFFICER BRIAN NEUMAIER,
LT. THOMAS SCHOENEBERG
and SGT. MORRISON,

                Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      This is a prisoner civil rights lawsuit brought under 42 U.S.C. § 1983. Plaintiff Hakim Naseer contends that defendant Brian Neumaier violated his constitutional rights by refusing to provide him food and that defendants Thomas Schoeneberg and Sgt. Morrison refused to intervene because of plaintiff's race. Plaintiff has requested leave to proceed without prepayment of fees and has made the required initial partial payment.

      Because plaintiff is a prisoner, before he may proceed on his claims the court must screen his complaint and dismiss any claims that are legally frivolous, malicious, fail to state a claim upon which relief may be granted or ask for money damages from a defendant who by law cannot be sued for money damages. 28 U.S.C. § 1915(e). Plaintiff's complaint will

1

be construed liberally as it is reviewed for these potential defects because plaintiff is proceeding without a lawyer. Haines v. Kerner, 404 U.S. 519, 521 (1972).

I cannot determine whether plaintiff's claims may proceed because plaintiff does not include enough detail in his complaint to satisfy Rule 8 of the Federal Rules of Civil Procedure. Under Rule 8(a)(2), a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Rule 8 also requires that the complaint contain enough allegations of fact to make a claim for relief "plausible" on its face. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 547 (2007); Aschcroft v. Iqbal, 129 S. Ct. 1937, 1953 (2009) (holding that the plausibility standard set forth in Twombly applies to "all civil actions"). For a complaint to state a "plausible" claim for relief under Twombly and Iqbal, the complaint must include enough detail about what each defendant did to show a real possibility (and not just a guess) that plaintiff might be able to prove each element of his claims after he has an opportunity to fully investigate them. Twombly, 550 U.S. at 555; Riley v. Vilsack, 665 F. Supp. 2d 994, 1004 (W.D. Wis. 2009). In determining whether the details in the complaint satisfy this standard, a district court should disregard "mere conclusory statements" and consider only the factual allegations. Iqbal, 129 S. Ct. at 1949.

Plaintiff alleges that defendant Neumaier refused to provide plaintiff his "daily full course meal" and told him that "[n]iggers who say awful things about my wife can starve to death." After this, plaintiff "contacted" defendants Morrison and Schoeneberg but they

2

"refused to intervene due to their hatred against black prisoners."

These allegations fall short of answering certain key questions. First, and most important, how long did plaintiff go without food? This matters because some injuries are simply too inconsequential to give rise to a constitutional claim. As the Court of Appeals for the Seventh Circuit explained in Swick v. City of Chicago, 11 F.3d 85, 87 (7th Cir. 1993), some cases are simply "outside the scope of legal relief" because they involve "intangible injuries normally small and invariably difficult to measure that must be accepted as the price of living in society rather than made a federal case out of." Plaintiff alleges in conclusory fashion that he "suffered from constant hunger" but he does not say for how long. If he went without food for only a short period of time, it may not be sufficiently serious to give rise to a constitutional claim, regardless whether defendants were wrong to behave as they did. Cf. Rapier v. Harris, 172 F.3d 999, 1006 n.4 (7th Cir. 1999) (concluding that failure to receive pork-free meal on three separate occasions not sufficiently serious to be "of constitutional dimension").

Second, what role did Morrison and Schoenberg play? Under § 1983, a defendant may be held liable only if he or she is personally involved in the alleged constitutional violation. This means the defendant must have at least "know[n] about the conduct and facilitate[d] it, approve[d] it, condone[d] it, or turn[ed] a blind eye" to it. Gentry v. Duckworth, 65 F.3d 555, 561 (7th Cir. 1995). A state official reviewing complaints about

3

bad acts after they occur cannot be held liable for the act. George v. Smith, 507 F.3d 605, 610 (7th Cir. 2007). Plaintiff alleges that he "contacted" Morrison and Schoeneberg and they "refused to intervene" because they hate black prisoners. This conclusory statement fails to suggest that either knew enough to warrant intervening, or even found out in time to be able to intervene. (As mentioned above, the conclusory language must be disregarded at this stage.)

Because plaintiff's complaint does not satisfy Rule 8, it must be dismissed. However, these defects can be repaired. Plaintiff may have until September 28, 2010 in which to submit an amended complaint in which he answers the questions raised above. In particular, he should allege facts about the length of time that he went without food as a result of Neumaier's alleged refusal to provide him food and when and how Morrison and Neumaier found out about the food deprivation and how they responded.

## ORDER

IT IS ORDERED that

1. Plaintiff Hakim Naseer's complaint is DISMISSED because it is in violation of Fed. R. Civ. P. 8.

2. Plaintiff may have until September 28, 2010, in which to submit a proposed amended complaint that conforms to Rule 8. If, by September 28, 2010, plaintiff fails to

respond to this order, the clerk of court is directed to close this case for plaintiff's failure to prosecute.

    3. If, by September 28, 2010, plaintiff submits a proposed amended complaint as required by this order, I will take that complaint under advisement for screening under to 28 U.S.C. § 1915.

    Entered this 13th day of September, 2010.

                                              BY THE COURT:
                                              /s/
                                              BARBARA B. CRABB
                                              District Judge