IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

HAKIM NASEER,

                                                                                 ORDER

                       Plaintiff,

                                                            10-cv-399-bbc

     v.

OFFICER BRIAN NEUMAIER,
LT. THOMAS SCHOENEBERG
and SGT. MORRISON,

                       Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      In an order entered September 13, 2010, I dismissed plaintiff Hakim Naseer's complaint because it violated Fed. R. Civ. P. 8. Plaintiff alleged claims against defendants Brian Neumaier, Thomas Schoeneberg and Sgt. Morrison, saying that Neumaier had deprived him of food and Schoeneberg and Morrison refused to intervene, all because of plaintiff's race. However, the complaint left unclear how long plaintiff went without food, and as I explained to plaintiff, without such information it was not possible to determine whether plaintiff's injuries were sufficiently serious to give rise to a constitutional claim. Plaintiff has responded, but not as one might expect.

      Rather than submit an amended complaint that included the requested allegations,

1

plaintiff has filed a proposed amended complaint that leaves out all reference to the alleged food deprivation incident. As plaintiff puts it, the "date of [the] incident has been changed" and the "claim" has also been "changed" from a food deprivation claim to an excessive force claim. Of course, not only have the date and claim been changed, but the relevant factual allegations have changed as well. In addition, plaintiff wants to "eliminate" Schoenberg and Morrison from his case and add Ronald Swenson.

Plaintiff's response needs to be analyzed. First, by deciding to "change" his lawsuit, plaintiff has shown that he does not intend to revive his food deprivation claim, which has been dismissed for failure to satisfy Rule 8. Therefore, that claim must remain dismissed. Because the claim failed to satisfy Rule 8, it "failed to state a claim upon which relief may be granted," which means that a strike must be recorded against plaintiff under 28 U.S.C. § 1915(g) for the claim of food deprivation. It may be that plaintiff thought that by ignoring the claim he could avoid a strike; if so, he is mistaken. He raised the claim and did not decide to withdraw it until it had been dismissed.

Second, as to his request to add a new claim, other procedural rules prevent plaintiff from pursuing the new claim in this lawsuit. Fed. R. Civ. P. 20(a) governs the number of parties a plaintiff may join in any one action. It provides that multiple defendants may be sued together only when the injuries each defendant allegedly caused plaintiff arise out of "the same transaction, occurrence, or series of transactions or occurrences" and there is "any

2

question of law or fact common to all defendants." George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007); 3A Moore's Federal Practice ¶ 20.06, at 2036-2045 (2d ed. 1978). Generally, under Rule 20 a plaintiff may not bring a single lawsuit against different defendants for different incidents. The one exception to this rule is when unrelated claims involve only defendants already being sued on the original claim. Fed. R. Civ. P. 18. Plaintiff seeks to include a claim about an excessive force incident that is completely unrelated to the food deprivation incident central to his original complaint. Moreover, the excessive force incident involves two defendants, one of whom was not a part of the food deprivation incident. Under these conditions, plaintiff cannot pursue both of these claims in the same lawsuit.

Although one of the claims has already been dismissed, that fact does not matter for the purpose of deciding which claims may proceed in a single lawsuit under Rule 20. As the court of appeals explained in George, 507 F.3d at 607, prisoners cannot be allowed to get around the requirements of Rule 20 because this would allow them to dodge the three-strike rule. Plaintiff's blatant attempt to "change" his lawsuit once he saw he might lose the case (if his injury was not sufficiently serious) is exactly what George cautions against. Under these circumstances, plaintiff cannot avoid a strike and will not be allowed to proceed on his new claim in this lawsuit. He must pursue that claim in a separate lawsuit.

ORDER

IT IS ORDERED that

1. Plaintiff Hakim Naseer's complaint remains DISMISSED for its failure to satisfy Fed. R. Civ. P. 8.

2. Plaintiff's request for leave to file an amended complaint that includes a new claim involving new defendants, dkt. #7, is DENIED.

3. Because I have dismissed plaintiff's complaint for one of the reasons listed in 28 U.S.C. § 1915(g), a strike will be recorded against plaintiff.

4. The clerk is directed to enter judgment for defendants and close this case.

Entered this 29th day of September, 2010.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge